USDC DNJ
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________________
DATE FILED: December 17, 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE: COURT OPERATIONS UNDER THE | : | |
| EXIGENT CIRCUMSTANCES CREATED | : | **THIRD EXTENSION OF** |
| BY COVID-19 | : | **STANDING ORDER 2020-12** |

**WHEREAS,** the National Emergency and New Jersey State of Emergency and Public Health Emergency, declared in response to the coronavirus (COVID-19) pandemic, remain in effect; and

**WHEREAS,** the Centers for Disease Control and Prevention (CDC) and other public health authorities continue to advise taking precautions to reduce the possibility of exposure to COVID-19 and to slow the spread of the disease by, among other things, limiting sustained group gatherings of people, maintaining six feet of physical distance from others ("social distancing"), and limiting sustained indoor activities involving spoken presentations; and

**WHEREAS,** in response to governmental policy and health directives, this Court previously entered Standing Orders, applicable to all persons, including prospective jurors, seeking entry into and occupying this District's courthouses, which mandate the wearing of face coverings (2020-13), establish a COVID-19 protocol for all entrants (2020-14) and institute temperature screenings (2020-16); and

**WHEREAS,** this Court also recently entered the Extension of Standing Order 2020-17, suspending all in-person proceedings in this District, including criminal proceedings, through January 31, 2021, except as is necessary to comply with the provisions of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"); and

**WHEREAS,** this Court is currently in Phase Three of its COVID-19 Recovery Guidelines, providing for a phased-in approach to reconstituting operations, and Phase Three also directs the wearing of facial coverings, social distancing, and limited elevator occupancy in the District's courthouses, and, consistent with the Extension of Standing Order 2020-17, currently prohibits all in-person proceedings, including criminal, except as is necessary to comply with the CARES Act; and

**WHEREAS,** on December 17, 2020, pursuant to the CARES Act, this Court further extended its authorization of the use of video and telephone conferencing for up to 90 days thereafter, under certain circumstances and with the consent of the defendant, for various criminal case events during the course of the COVID-19 emergency; and

**WHEREAS,** the foregoing has been made necessary due to the recent resurgence of COVID-19, currently afflicting not just the residents of New Jersey, but those in all of the states and territories of the United States, and which has caused record high rates of infection and numbers of new cases, and record deaths in a single day; and

**WHEREAS,** public health experts expect COVID-19 statistics to worsen before they improve, due to the upcoming holidays; and

**WHEREAS,** the future availability of approved COVID-19 vaccines to the general population is as yet unknown and not expected before March 2021; and

**WHEREAS**, jury selection in this District frequently involves the necessity for large jury venire pools, often consisting of individuals in or caring for those in the age categories identified by the CDC as being particularly at risk, or who are otherwise at substantially enhanced health risks for other recognized reasons, along with individuals required to travel extensively; and

**WHEREAS**, governmental public health orders still direct that organizations and institutions take all reasonable steps to secure the public health through compliance with the CDC's and other governmental and health agencies' recommendations, including limitations on the population size of gatherings, sustained indoor gatherings and requiring the use of face coverings, social distancing and other protective measures; and

**WHEREAS**, the process of responding to jury summonses and service on juries by those employed in essential public functions, including in healthcare operations, those who are at increased risk of COVID-19 due to age or other reason, and those who will face substantial childcare challenges arising from the closure of schools or curtailment of in-person instruction creates a serious impact on the capacity of persons so employed or engaged and summoned to serve, increasing substantially the likelihood of the need to summon ever-larger jury venire pools for potential service and potentially diminishing the representative nature of the pool of summoned jurors; and

**WHEREAS**, the resumption of any jury trials in this Court will in many cases involve the extensive use of juror questionnaires and more complex voir dire processes, which will increase substantially the period of time from the date of initial jury summons to jury selection, along with significant limitations on the number of jury trials that can be conducted at the same time in any one vicinage of the Court in order to meet the goals of public health protocols; and

**WHEREAS**, governmental public health orders have in certain cases materially and substantially impaired or wholly curtailed, and continue to impair, the ability of defense counsel to engage in necessary case and field investigations and client consultations, particularly but not exclusively as to detained defendants;

**WHEREAS,** this Court continues to monitor its operations to identify measures that will help slow the spread of COVID-19 by minimizing contact between persons, while at the same time, preserving its core mission of serving the public through the fair and impartial administration of justice;

**NOW, THEREFORE,** in order to further public health and safety, the health and safety of Court personnel, counsel, litigants, other case participants, jurors, security personnel and the general public, and in order to reduce the number of gatherings necessarily attendant to trial jury selection in all vicinages of this Court, and in order to minimize travel by participants in Court proceedings (particularly travel by public conveyance), the Court finds it necessary to extend

the continuances and period of exclusion set forth in the Second Extension of Standing Order 2020-12, due to expire on January 4, 2021, and issues the following:

1. The Court ORDERS that all civil and criminal jury selections and jury trials shall be continued to March 12, 2021. The Court may issue further Orders or Extensions concerning future general continuances of any matters as may be deemed necessary and appropriate. Jury selections and trials impacted by this Third Extension of Standing Order 2020-12 ("this Extension") may be reset by further Order of the assigned judicial officer.

2. Regarding criminal matters, the Court recognizes the trial, procedural and substantive rights of criminal litigants and particularly, their right to a speedy and public trial under the Sixth Amendment (and the particular application of that right in cases involving defendants who are detained pending trial). However, the Court also recognizes the compelling public health and safety issues outlined in this Extension, and therefore, pursuant to 18 U.S.C. §3161(h)(7)(A), finds that the ends of justice served by taking such action materially outweigh the best interests of the public and the parties in a speedy trial. Accordingly, the Court ORDERS that the time period of March 16, 2020 through March 12, 2021 shall be "excluded time" under the Speedy Trial Act. Having considered the factors outlined in 18 U.S.C. § 3161(h)(7)(B), the Court finds specifically, that the failure to grant such continuance would likely make a continuation of proceedings impossible, or result in a miscarriage of justice. Such exclusion is necessary to assure that in cases going to trial, there is a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice. Such exclusion of time is also necessary in cases not yet set for trial in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients (including those detained in locales and facilities under a declared state of emergency), and the inherent delay in the scheduling of further trials as a consequence of the exclusion period herein. The Court may by further Order or Extension extend the period of exclusion as circumstances may warrant, and the assigned judicial officer may, by Order, also do so in connection with any specific proceeding.

3. As for criminal cases commenced by complaint, the Court ORDERS that the 30-day period established by 18 U.S.C. § 3161(b), during which the United States must either obtain an indictment or file an information, is continued to March 12, 2021. Again, recognizing the public health and safety issues stated herein, the Court determines that the ends of justice served by granting such a continuance outweigh the best interest of the public and each defendant in a speedy indictment and a speedy trial in a criminal case. Accordingly, the Court also ORDERS that the time period of March 16, 2020 through March 12, 2021 shall be "excluded time" in all criminal proceedings in this District under the Speedy Trial Act, including those proceedings commenced by complaint. The Court further ORDERS that such continuance shall also apply to any time limits established by the Interstate Agreement on Detainers, 18 U.S.C. app. 2, § 2 (art. III).

4. The Court ORDERS that, consistent with the Extension of Standing Order 2020-17, until further Order of the Court, grand jury sittings in this District shall be limited and convened only to the extent deemed necessary and warranted under the circumstances.

5. The Court ORDERS that this Extension does not alter filing or discovery deadlines, or deadlines set by the Federal and Local Rules or Court Orders, nor does it toll or extend any applicable statutes of limitation. Judicial officers may, however, apply the principles of flexibility and accommodation to reasonable requests for filing or scheduling adjustments necessitated by health or safety concerns, or advice or directives of public health officials.

6. The Court ORDERS that aside from ordering a jury trial, individual judges presiding over civil and criminal proceedings may take such actions consistent with this Extension and the Recovery Guidelines as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the substantial rights of the parties.

7. Consistent with the Court's prior Orders, the Court ORDERS that the requirement in criminal matters of providing courtesy copies of electronic filings to the Court continues to be suspended in all cases, until further Order of the Court.

8. The Court ORDERS that all Central Violations Bureau (CVB) proceedings shall continue to be conducted, at the discretion of the Magistrate Judge, via video and teleconference, until the Court orders otherwise.

9. The Court ORDERS that this Extension does not affect the Court's Third Extension of Amended Standing Order 2020-06 ("In Re: Video Conferencing and Teleconferencing for Criminal Proceedings Under the CARES Act") or Standing Order 2020-07 ("In Re: Expanded Use of Electronic Signatures Due to the Exigent Circumstances Created by COVID-19"), which remain in full force and effect, until further order of the Court.

10. The Court ORDERS that any litigant may seek such relief from this Extension that he/she deems necessary due to emergent circumstances.

11. The Court further ORDERS that additional Orders or Extensions addressing Court Operations Under the Exigent Circumstances Created by COVID-19 shall be entered as warranted, and that this Third Extension of Standing Order 2020-12 will expire no later than March 12, 2021, unless extended by further Order of the Court.

DATED: December 17, 2020

Hon. Freda L. Wolfson
U.S. Chief District Judge
District of New Jersey