FILED
March 11, 2021
At: 4:30 p.m.
William T. Walsh
Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 (FOURTH EXTENSION OF STANDING ORDER 2020-12) | : | **STANDING ORDER 2021-04** |

**WHEREAS,** the National Emergency and New Jersey State of Emergency and Public Health Emergency, declared in response to the coronavirus (COVID-19) pandemic, were recently continued and therefore, remain in effect; and

**WHEREAS,** the Centers for Disease Control and Prevention (CDC) and other public health authorities continue to advise taking precautions to reduce the possibility of exposure to COVID-19 and to slow the spread of the disease by, among other things, limiting sustained group gatherings of people, maintaining six feet of physical distance from others ("social distancing"), and limiting sustained indoor activities involving spoken presentations; and

**WHEREAS,** in response to governmental policy and health directives, this Court previously entered Standing Orders, applicable to all persons, including prospective jurors, seeking entry into and occupying this District's courthouses, which mandate the wearing of face coverings (2020-13), establish a COVID-19 protocol for all entrants (2020-14) and institute temperature screenings (2020-16), and said Standing Orders remain in effect; and

**WHEREAS,** this Court also recently entered the Extension of Standing Order 2021-02, suspending all in-person proceedings in this District, including criminal proceedings, through June 1, 2021, except that, as of April 5, 2021, when a defendant will not consent to proceed via video or teleconference for an initial appearance, arraignment, plea or sentencing, the proceeding shall be held in person, and except as is necessary to comply with the provisions of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"); and

**WHEREAS,** this Court continues to observe its COVID-19 Recovery Guidelines, still mandating the wearing of facial coverings, social distancing, and limited elevator occupancy in the District's courthouses, and is not expected to resume normal operations before the expiration of this Standing Order; and

**WHEREAS,** pursuant to the CARES Act and its Standing Order 2021-03, this Court's authorization of the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant, for various criminal case events, during the course of the COVID-19 emergency, remains in effect until June 9, 2021, unless terminated or vacated prior thereto; and

**WHEREAS,** nationwide, the number of confirmed COVID-19 cases is approaching 30 million, with over 542,000 total deaths; and

**WHEREAS,** in New Jersey, the number of confirmed cases of the disease now exceeds 729,000, with more than 21,000 confirmed deaths; and

**WHEREAS,** the numbers of new cases per day have decreased nationwide and statewide over the past few weeks, and the ongoing, voluntary COVID-19 vaccination process, which began slowly in New Jersey in December 2020, has recently improved, due to the expansion of the State's capacity to vaccinate large numbers of individuals each day; and

**WHEREAS,** however, despite these improvements, New Jersey is lagging behind its goal of vaccinating 70% of the State's adults within six months, and**,** to date, only 10.6% of New Jersey's population has received both doses of the Pfizer and Moderna vaccines or the single-dose Johnson & Johnson vaccine; and

**WHEREAS,** while vaccination has been available to various categories of individuals, including correction officers and prison inmates, under the New Jersey COVID-19 Vaccination Plan, vaccination of judicial employees, considered essential workers, will not be available until March 29, 2021, and vaccination of the general population under the age of 65 and not at heightened risk will not begin until sometime thereafter; and

**WHEREAS**, the two-dose process of the Pfizer vaccine takes three weeks and that of the Moderna vaccine takes four, and the CDC does not consider an individual to be fully vaccinated until an additional two weeks after the second dose of each of those vaccines; and

**WHEREAS**, full vaccination of many judicial employees will therefore not occur until mid-May, and full vaccination of much of the general public under the age of 65 will not occur until an even later date; and

**WHEREAS,** the effectiveness of the available vaccines against current, and potentially, future, more virulent variants of the virus, is unknown, creating an uncertain impact on the public health; and

**WHEREAS,** in light of the foregoing, it is necessary to continue strict mitigation protocols to limit the spread of the disease while vaccination continues, as evidenced by the recent statement by the Director of the CDC that the months of March and April will be critical in determining whether the United States will experience another surge in COVID-19 cases; and

**WHEREAS**, jury selection in this District frequently involves the necessity for large jury venire pools, and would consist largely of individuals for whom vaccination has not been made available; and

**WHEREAS**, governmental public health orders still direct that organizations and institutions take all reasonable steps to secure the public health through compliance with the CDC's and other governmental and health agencies' recommendations, including limitations on the population size of gatherings, sustained indoor gatherings and requiring the use of face coverings, social distancing and other protective measures; and

**WHEREAS**, the process, under the New Jersey COVID-19 Vaccination Plan, of vaccinating the State's adults based upon certain categories would increase the likelihood of diminishing the representative nature of the pool of summoned jurors; and

**WHEREAS**, the resumption of any jury trials in this Court will in many cases involve the extensive use of juror questionnaires and more complex voir dire processes, which will increase substantially the period of time from the date of initial jury summons to jury selection, along with significant limitations on the number of jury trials that can be conducted at the same time in any one vicinage of the Court in order to meet the goals of public health protocols; and

**WHEREAS**, governmental public health orders continue to impair the ability of defense counsel to engage in necessary case and field investigations and client consultations, particularly but not exclusively as to detained defendants; and

**WHEREAS,** this Court continues to monitor its operations to identify measures that will help slow the spread of COVID-19 by minimizing contact between persons, while at the same time, preserving its core mission of serving the public through the fair and impartial administration of justice;

**NOW, THEREFORE,** in order to further public health and safety, the health and safety of Court personnel, counsel, litigants, other case participants, jurors, security personnel and the general public, and in order to reduce the number of gatherings necessarily attendant to trial jury selection in all vicinages of this Court, and in order to minimize travel by participants in Court proceedings (particularly travel by public conveyance), the Court finds it necessary to extend the continuances and period of exclusion set forth in the Third Extension of Standing Order 2020-12, due to expire on March 12, 2021, and issues the following:

1. The Court ORDERS that all civil and criminal jury selections and jury trials shall be continued to June 1, 2021. The Court may issue further Orders or Extensions concerning future general continuances of any matters as may be deemed necessary and appropriate. Jury selections and trials impacted by this Standing Order may be reset by further Order of the assigned judicial officer.

2. Regarding criminal matters, the Court recognizes the trial, procedural and substantive rights of criminal litigants and particularly, their right to a speedy and public trial under the Sixth Amendment (and the particular application of that right in cases involving defendants who are detained pending trial). However, the Court also recognizes the compelling public health and safety issues outlined in this Standing Order, and therefore, pursuant to 18 U.S.C. §3161(h)(7)(A), finds that the ends of justice served by taking such action materially outweigh the best interests of the public and the parties in a speedy trial. Accordingly, the Court ORDERS that the time period of March 16, 2020 through June 1, 2021 shall be "excluded time" under the Speedy Trial Act. Having considered the factors outlined in 18 U.S.C. §3161(h)(7)(B), the Court finds specifically, that the failure to grant such continuance would be likely to make a continuation of proceedings impossible, or result in a miscarriage of justice. Such exclusion is necessary to assure that in cases going to trial, there is a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice.

Such exclusion of time is also necessary in cases not yet set for trial in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients (including those detained in locales and facilities under a declared state of emergency), and the inherent delay in the scheduling of further trials as a consequence of the exclusion period herein. The Court may by further Order or Extension extend the period of exclusion as circumstances may warrant, and the assigned judicial officer may, by Order, also do so in connection with any specific proceeding.

3. As for criminal cases commenced by complaint, the Court ORDERS that the 30-day period established by 18 U.S.C. § 3161(b), during which the United States must either obtain an indictment or file an information, is continued to June 1, 2021. Again, recognizing the public health and safety issues stated herein, the Court determines that the ends of justice served by granting such a continuance outweigh the best interest of the public and each defendant in a speedy indictment and a speedy trial in a criminal case. Accordingly, the Court also ORDERS that the time period of March 16, 2020 through June 1, 2021 shall be "excluded time" in all criminal proceedings in this District under the Speedy Trial Act, including those proceedings commenced by complaint. The Court further ORDERS that such continuance shall also apply to any time limits established by the Interstate Agreement on Detainers, 18 U.S.C. app. 2, § 2 (art. III).

4. The Court ORDERS that, consistent with the Extension of Standing Order 2021-02, until further Order of the Court, grand jury sittings in this District shall be limited and convened only to the extent deemed necessary and warranted under the circumstances, until April 5, 2021, at which time, grand jury proceedings shall resume as normal.

5. The Court ORDERS that this Standing Order does not alter filing or discovery deadlines, or deadlines set by the Federal and Local Rules or Court Orders, nor does it toll or extend any applicable statutes of limitation. Judicial officers may, however, apply the principles of flexibility and accommodation to reasonable requests for filing or scheduling adjustments necessitated by health or safety concerns, or advice or directives of public health officials.

6. The Court ORDERS that aside from ordering a jury trial, individual judges presiding over civil and criminal proceedings may take such actions consistent with this Standing Order and the Recovery Guidelines as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the substantial rights of the parties.

7. Consistent with the Court's prior Orders, the Court ORDERS that the requirement in criminal matters of providing courtesy copies of electronic filings to the Court continues to be suspended in all cases, until further Order of the Court.

8. The Court ORDERS that all Central Violations Bureau (CVB) proceedings shall continue to be conducted, at the discretion of the Magistrate Judge, via video and teleconference, until the Court orders otherwise.

9. The Court ORDERS that this Standing Order does not affect the Court's Standing Order 2021-03 ("In Re: Video Conferencing and Teleconferencing for Criminal Proceedings Under the CARES Act (Fourth Extension of Amended Standing Order 2020-06)") or Standing Order 2020-07 ("In Re: Expanded Use of Electronic Signatures Due to the Exigent Circumstances Created by COVID-19"), which remain in full force and effect, until further order of the Court.

10. The Court ORDERS that any litigant may seek such relief from this Standing Order that he/she deems necessary due to emergent circumstances.

11. The Court further ORDERS that additional Orders or Extensions addressing Court Operations Under the Exigent Circumstances Created by COVID-19 shall be entered as warranted, and that this Standing Order will expire no later than June 1, 2021, unless extended by further Order of the Court.

DATED: March 11, 2021

Hon. Freda L. Wolfson
U.S. Chief District Judge
District of New Jersey